**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of Arbitration Between:<br><br>ALEXANDER CAPITAL, L.P.,<br><br>                      Plaintiff,<br><br>v.<br><br>EARLYWORKS CO. LTD. N/K/A<br>PERPETUALS.COM LTD.,<br><br>                      Defendant. | Civil Action No.: 1:26-cv-3256<br><br><br>**COMPLAINT** |

Plaintiff Alexander Capital, L.P. ("Plaintiff" or "Alexander") files this Complaint for damages against Defendant Earlyworks Co. Ltd. n/k/a Perpetuals.com Ltd. ("Defendant" or "Earlyworks"), alleging the following:

**NATURE OF THE CASE**

1. This is a civil action seeking damages arising from Earlyworks' breach of its Engagement Agreement with Alexander dated October 4, 2025 (the "Engagement Agreement") and damages arising from Earlyworks' breach of its Placement Agency Agreement with Alexander dated October 10, 2025 (the "Placement Agreement"). A true and accurate copy of the Engagement Agreement is attached hereto as "Exhibit A." A true and accurate copy of the Placement Agreement, as filed with the SEC on October 21, 2025, by Earlyworks, is attached hereto as "Exhibit B."

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy is greater than $75,000, exclusive of interest and costs.

3.      Alexander is a citizen of the State of Delaware and has its principal place of business in the State of New Jersey.

4.      Upon information and belief Earlyworks is a citizen of Japan and has its principal place of business in Japan.

5.      This Court has personal jurisdiction over Defendant because the Engagement Agreement was made and delivered in New York, New York.

6.      This Court has personal jurisdiction over Defendant because the Placement Agreement was made and delivered in the State of New York.

7.      This Court has personal jurisdiction over Defendant because it has engaged in substantial business activities in the State of New York. At all relevant times Defendant was listed on the NASDAQ, a stock exchanged based in New York, New York.

8.      This Court has personal jurisdiction over Defendant because Defendant conducted and solicited business in New York by and through its employees, agents, and/or sales representatives, and, upon information and belief, derived substantial revenue from such business in New York.

9.      This Court has personal jurisdiction over Defendant because, pursuant to section XIV of the Engagement Agreement, it "irrevocably consent[ed] to the jurisdiction of the New York State Court or the United States District Court in any

2

[…] suit, action or proceeding [arising out of or relating to the Engagement Agreement.]"

10.     This Court has personal jurisdiction over Defendant because, pursuant to the Placement Agreement, Earlyworks "irrevocably consent[ed] to the jurisdiction of the Supreme Court of New York, and the United States District Court for the Southern District of New York in any […] suit, action or proceeding [arising out of or relating to the Placement Agreement.]"

11.     Venue is proper in the Southern District of New York because under section XIV the Engagement Agreement Earlyworks agreed "that any legal suit, action or proceeding arising out of or relating to this letter shall by instituted exclusively in New York State Court or in the United States District Court." Earlyworks further agreed to waive "any objection to the venue of any such suit, action or proceeding."

12.     Venue is proper in the Southern District of New York because under the Placement Agreement Earlyworks agreed "that any legal suit, action or proceeding arising out of or relating to this Agreement shall by instituted exclusively in the Supreme Court of New York, or in the United States District Court for the Southern District of New York." Earlyworks further agreed to waive "any objection to the venue of any such suit, action or proceeding." [1]

---

[1] Notwithstanding the plain language of both the Engagement Agreement and the Placement Agreement, Earlyworks has informed Alexander that it believes that this Complaint should be filed as an arbitration before the Financial Industry Regulatory Authority ("FINRA") pursuant to FINRA Rule 12200. Alexander has no arbitration agreement with Earlyworks. The Second Circuit has found that FINRA Rules are superseded by contract clauses requiring that cases be brought in court. *See e.g. Goldman, Sachs & Co. v. Golden Empire Schs. Fin. Auth.,* 764 F.3d 210 (2d. Cir. 2014.)

## PARTIES

13.    Plaintiff Alexander Capital, L.P. is a Delaware limited partnership with its principal place of business at 10 Drs. James Parker Blvd., Suite 202, Red Bank, New Jersey, 07701.

14.    Upon information and belief, Earlyworks Co., Ltd. n/k/a Perpetuals.com Ltd. is a Japanese company with its principal place of business at MR Building 3F 5-7-11 Ueno, Taito-ku, Tokyo 110-0005, Japan.

## FACTUAL BACKGROUND

### a. Engagement Agreement

15.    On or about October 4, 2025, Alexander and Earlyworks entered into an Engagement Agreement under which Alexander was retained "as exclusive underwriter, placement agent and financial advisor to Early Works [*sic.*] Co., Ltd. Or any successor entities."

16.    The Engagement Agreement's initial term was a one-month period, which was to be extended for an additional twelve months upon Alexander's obtaining a binding offer sheet for Earlyworks and Earlyworks' agreeing to the same.

17.    On or about October 15, 2025, Alexander completed a $5,000,001.76 placement for Earlyworks.

18.    Upon completion of the October 15, 2025 placement, the Engagement Agreement became exclusive and the Term of the Engagement Agreement was extended for a period of twelve months, subject to Earlyworks' right to terminate the Term of the Engagement Agreement on thirty days' notice.

19. Earlyworks provided notice of an intent to terminate the Engagement Agreement by letter sent on February 3, 2026, and, pursuant to that notice, the Term of the Engagement Agreement came to an end on March 5, 2026. A true and accurate copy of the February 3, 2026, letter is attached hereto as "Exhibit C."

20. The Term of the Engagement Agreement ran from October 4, 2025, until March 5, 2026.

21. The Exclusive Term of the Engagement Agreement ran from October 15, 2025, until March 5, 2026.

22. Under Section III(a) of the Engagement Agreement, Alexander was "entitled to a Merger Fee equal to 5% of the valuation of the Merger (the 'Merger Fee')" for any merger that occurred during the term of the Engagement Agreement.

23. Under Section III(d) of the Engagement Agreement, Alexander had a Right of First Refusal ("ROFR") to assist with any merger of Earlyworks running from the date on which any $5,000,000+ placement was completed until the 18-month anniversary of the placement.

24. Under the Engagement Agreement, Alexander's ROFR on any merger began on October 15, 2025, and will expire on April 15, 2027.

25. Under Section III(e) of the Engagement Agreement, Alexander is entitled to a "Tail" payment on any fundraising of any sort from an investor introduced to Earlyworks by Alexander that occurs from the date of the termination of the Engagement Agreement until the 18-month anniversary of said termination – equal to the amount it would have been entitled to had Alexander raised such funds for the Company during the Term of the Engagement Agreement.

26.     Under the Engagement Agreement, Alexander is entitled to a Tail payment on funds raised by Earlyworks from investors introduced to it by Alexander from March 5, 2026, until September 5, 2027.

**b. Placement Agreement**

27.     On or about October 10, 2025, Alexander and Earlyworks entered into a Placement Agreement under which Alexander was appointed as Earlyworks' "exclusive underwriter, Placement Agent and financial advisor."

28.     Under the Section 6.3 of the Placement Agreement, Alexander has a ROFR with regard to, among other things, any merger that Earlyworks would enter into in the 18 months following the consummation of the offering contemplated in the Placement Agreement.

29.     The offering contemplated in the Placement Agreement was consummated on or about October 15, 2025.

30.     Under the Placement Agreement Alexander's ROFR runs from October 15, 2025, until April 15, 2027.

31.     Section 6.3 of the  Placement Agreement explicitly states: "For the avoidance of any doubt, the Company shall not retain, engage or solicit any financial advisor, investment banker, underwriter, book-runner and/or placement agent in a financing or other transaction [covered by the ROFR], nor agree to any such financing or other transaction, regardless of whether or not such transaction involves any financial advisor, investment banker, book-runner, and/or placement agent, without the express written consent of the Placement Agent."

32.     Under section 6.4 of the Placement Agreement, Alexander is entitled to a Tail payment on any fundraising of any sort that occurs within 18 months of any investment in Earlyworks by any investor introduced to Earlyworks by Alexander –

6

equal to the amount it would have been entitled to had Alexander raised such funds for the Company during the Term of the Engagement Agreement.

33.    Under the Placement Agreement, Alexander is entitled to a Tail payment on any such investments made between October 15, 2025, and April 15, 2027.

### c.  Merger

34.    According to an Earlyworks Press Release Filed with the SEC on January 23, 2026, and dated January 20, 2026 (the "Press Release"), on January 16, 2026, the shareholders of Earlyworks voted to approve a merger with Perpetual Markets Ltd. (the "Merger"). A true and accurate copy of the Press Release is attached as "Exhibit D."

35.    The Press Release stated that the Merger was completed on January 20, 2026.

36.    Upon information and belief, Earlyworks did, in fact, complete the Merger with Perpetual Markets Ltd. on or about January 20, 2026.

37.    At no time prior to January 20, 2026, did Earlyworks notify Alexander of its intent to enter into the Merger.

38.    At no time prior to January 20, 2026, did Earlyworks provide Alexander with an opportunity to act on its ROFR held pursuant to the Engagement Agreement.

39.    At no time prior to January 20, 2026, did Earlyworks provide Alexander with an opportunity to act on its ROFR held pursuant to the Placement Agreement.

40.    Upon information and belief, the terms of the Merger included a cash payment of $15,000,000 and the issuance of shares equivalent to 10,610,200 ordinary shares of Earlyworks to the shareholders of Perpetual Markets Ltd.

41.    Earlyworks shares were valued at $7.06/share at the close of business on January 16, 2026, the day on which the merger was approved.

42.    Upon information and belief, the total economic value of the Merger – shares as valued on the day the Merger was approved plus the cash value of the merger – was $89,908,012.

43.    Upon information and belief, the Merger was completed with a party introduced to Earlyworks by Alexander during the term of the Engagement Agreement and prior to the financing contemplated by the Placement Agreement.

### d. Invoice

44.    On January 20, 2026, Alexander sent Earlyworks an invoice for the Merger Fee it was due under the Engagement Agreement. A true and accurate copy of the Invoice is attached as "Exhibit E."

45.    Earlyworks did not respond to or pay the invoice.

46.    On February 3, 2026, Earlyworks sent a letter giving notice of intent to terminate the Engagement Agreement and the Placement Agreement on March 5, 2026.

47.    On February 20, 2026, counsel for Earlyworks informed Alexander that it disputed the Invoice.

48.    Counsel for Earlyworks did not state the basis for the dispute, nor did Earlyworks clarify the basis for the dispute when asked.

49.   To date, Earlyworks has not paid any portion of the invoice dated January 20, 2026.

50.   The invoice is now over two months past due.

## COUNT I
### Breach of Contract
### (Merger Fee - Engagement Agreement)

51.   Plaintiff incorporates each paragraph of this Complaint as if fully set forth herein.

52.   The Engagement Agreement is a contract under which Alexander preformed services in exchange for a promise of payment.

53.   Under the Engagement Agreement, Alexander is entitled to a Merger Fee of $4,495,400.60 as a result of the merger Earlyworks completed on January 20, 2026.

54.   Earlyworks' non-payment of the Merger Fee constitutes a breach of contract.

55.   Earlyworks' non-payment of the Merger Fee has caused Alexander actual losses of $4,495,400.60.

56.   Earlyworks non-payment of the Merger Fee has caused Alexander to incur substantial costs and expenses associated with its attempt to recover the Merger Fee.

57.   As a result of this breach, Alexander is entitled to damages in the amount of $4,495,400.60, plus the costs associated with recovering the Merger Fee, the total amount of which will be proven after trial, pre-and post-judgment interest, and any and all other relief the Court deems proper.

9

## COUNT II
### Breach of Contract
### (ROFR – Engagement Agreement)

58.    Plaintiff incorporates each paragraph of this Complaint as if fully set forth herein.

59.    Pursuant to the Engagement Agreement, Alexander had a ROFR that would have entitled it to present Earlyworks with substantially similar financing to the Merger and receive payment for doing so.

60.    Earlyworks did not provide Alexander with the opportunity to exercise its ROFR.

61.    Had Earlyworks provided Alexander an opportunity to exercise its ROFR, Alexander would have been able to provide substantially similar financing to the Merger.

62.    As a result, Earlyworks breached its Engagement Agreement with Alexander.

63.    This breach cost Alexander a substantial, and bargained for, business opportunity.

64.    The fair market value of the lost business opportunity, as evidenced by the Engagement Agreement, would be $4,495,400.60.

65.    In addition, the lost business opportunity caused Alexander harm and damages by denying it the ability to participate in a transaction, which would have been valuable in expanding its market reach and visibility.

66.    As a result of this breach, Alexander is entitled to damages in the amount of $4,495,400.60, plus damages stemming from lost business growth

opportunities in an amount to be proven at trial, pre-and post-judgment interest, and any and all other relief the Court deems proper.

## COUNT III
**Breach of Contract**
**(ROFR – Placement Agreement)**

67.    Plaintiff incorporates each paragraph of this Complaint as if fully set forth herein.

68.    Pursuant to the Placement Agreement, Alexander had a ROFR which would have entitled it to present Earlyworks with substantially similar financing to the Merger and receive payment for doing so.

69.    The Placement Agreement explicitly forbid Earlyworks from entering into the Merger "without the express written consent of [Alexander]."

70.    Earlyworks did not provide Alexander with the opportunity to exercise its ROFR.

71.    Alexander did not consent to the Merger in any way.

72.    Alexander did not provide express written consent to the Merger.

73.    Had Earlyworks provided Alexander an opportunity to exercise its ROFR, Alexander would have been able to provide substantially similar financing to the Merger.

74.    As a result, Earlyworks breached the Placement Agreement with Alexander.

75.    This breach cost Alexander a substantial, and bargained for, business opportunity.

76. The fair market value of the lost business opportunity, as evidenced by the Engagement Agreement, would be $4,495,400.60.

77. In addition, the lost business opportunity caused Alexander harm and damages by denying it the ability to participate in a transaction which would have been valuable in expanding its market reach and visibility.

78. As a result of this breach, Alexander is entitled to damages in the amount of $4,495,400.60, plus damages stemming from lost business growth opportunities in an amount to be proven at trial, pre-and post-judgment interest, and any and all other relief the Court deems proper.

## COUNT IV
### Breach of Contract
### (Tail – Engagement Agreement)

79. Plaintiff pleads this count in the alternative to Count I above

80. Plaintiff incorporates each paragraph of this Complaint as if fully set forth herein.

81. Should this Court find that the Engagement Agreement expired prior to the Merger, Alexander would be entitled to a Tail payment on the Merger.

82. Under the Engagement Agreement, the value of a Tail payment would be identical to the payment due while the Engagement Agreement was in effect.

83. Earlyworks' non-payment of the Tail constitutes a breach of contract.

84. Earlyworks' non-payment of the Tail has caused Alexander actual losses of $4,495,400.60.

85. Earlyworks non-payment of the Tail has caused Alexander to incur substantial costs and expenses associated with its attempt to recover the Tail.

86. As a result of this breach, Alexander is entitled to damages in the amount of $4,495,400.60, plus the costs associated with recovering the Tail, the total amount of which will be proven after trial, pre-and post-judgment interest, and any and all other relief the Court deems proper.

## COUNT V
### Breach of Contract
### (Tail – Placement Agreement)

87. Plaintiff incorporates each paragraph of this Complaint as if fully set forth herein.

88. Under the Placement Agreement, the value of a Tail would be equal to 8% of the gross proceeds of a sale of securities plus warrants to purchase shares equal to 4% of the aggregate shares issued at a value of $2.08/share.

89. The Merger involved the transfer of 10,610,200 shares of Earlyworks valued at $74,908,012.

90. Alexander is entitled to a payment of $5,992,640.96 and warrants to purchase 424,408 shares of Earlyworks at $2.08/share under the Placement Agreement Tail.

91. On the date of the Merger a warrant to purchase a share of Earlyworks at $2.08/share would have been worth $4.98.

92. The value of Alexander's warrants due under the Placement Agreement Tail was $2,113,551.84.

13

93.     Earlyworks' non-payment of the Tail constitutes a breach of contract.

94.     Earlyworks' non-payment of the Tail has caused Alexander actual losses of $8,106,192.80.

95.     Earlyworks non-payment of the Tail has caused Alexander to incur substantial costs and expenses associated with its attempt to recover the Tail.

96.     As a result of this breach, Alexander is entitled to damages in the amount of $8,106,192.80, plus the costs associated with recovering the Tail, the total amount of which will be proven after trial, pre-and post-judgment interest, and any and all other relief the Court deems proper.

## REQUEST FOR RELIEF

Plaintiff Alexander Capital, L.P. requests that the Court enter judgment in its favor against Defendant Earlyworks Co. Ltd. n/k/a Perpetuals.com Ltd. As follows:

A. As to Count I, a judgment awarding monetary damages of $4,495,400.60 and the costs of recovery in an amount to be proven after trial;

B. As to Count II, a judgment awarding monetary damages of $4,495,400.60 and the value of lost business opportunities in an amount to be proven at trial;

C. As to Count III, a judgment awarding monetary damages of $4,495,400.60 and the value of lost business opportunities in an amount to be proven at trial;

D. As to Count IV, plead in the alternative to Count I, a judgment awarding monetary damages of $4,495,400.60 and the costs of recovery in an amount to be proven after trial;

14

E. As to Count V, a judgment awarding monetary damages of $8,106,192.80 and the costs of recovery in an amount to be proven after trial;

F. Pre- and post-judgment interest on any amounts awarded; and

G. Such other of further relief as may be appropriate.


Dated: April 21, 2026

Holcomb + Ward LLP
*Attorneys for the Plaintiff*

*/s/ Michael Scott Holcomb*
Michael Scott Holcomb
New York Bar No. 4972964
Holcomb + Ward, LLP
5379 Arthur Kill Rd., Suite 2
Staten Island, NY 10307
scott@holcombward.com
(404) 445-5205 (office)
(404) 393-1554 (fax)